GODFREY v. FIELDING.

1. In the assertion of a claim under the betterment act, great promptness is required; and there is no authority for substituting heirs or purchasers in the place of the plaintiff in the original action.
2. The words "final judgment" in the betterment act, are not used· in their strict technical sense, but mean the final determination of the rights of the parties as to the land. Therefore, where the claim for betterments was made on the day of the entry of the formal judgment, but four years after verdict rendered, the act

in question afforded neither the authority nor machinery to enable the defendant to make his claim either against the purchasers in possession, or the heirs-at-law of the original plaintiff.

Before FRASER, J., Laurens, February, 1884.

The opinion fully states the case.

*Mr. W. H. Martin,* for plaintiff.

*Messrs. Holmes & Simpson,* contra.

June 26, 1884.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This was an action by Jesse Godfrey against the defendants for "betterments," under the act of 1870, "to protect the rights of persons lawfully in possession of lands and tenements," re-enacted in the *General Statutes* from section 1835 to 1841, inclusive.

The complaint stated, "That heretofore, to wit, on November 18, 1879, and for several years previous to that time, he, the plaintiff, was seized and possessed of a tract of land, known as a part of the Laurens side of the Van Patton Shoals, which he had purchased, supposing at the time the title was good in fee. And still further confiding in the said title, he erected valuable improvements upon said tract of land, to wit, grist mill, cotton gin, &c., &c., and thereby enhanced the value of said land four thousand dollars.

II.  "That subsequent to said purchase and the erection of said improvements, one John Fielding instituted proceedings against the plaintiff herein (Godfrey) for the recovery of the possession of said tract of land.  And at the extra November term of the Court of Common Pleas for Laurens county, 1879, to wit, November 18, 1879, the said cause was heard by Mr. Justice Thomson and a jury, and a verdict was rendered by said jury for the recovery of the possession of said tract of land in favor of the said John Fielding against the plaintiff herein, and judgment was entered thereon on October 4, 1883.

III.  "That thereafter the said Fielding died intestate, and his widow, Harriet W. Fielding, was duly appointed administratrix

of the goods and effects of said John Fielding on the       day of
, 18   .

IV. "That the defendants, Jesse Leatherwood and O. P. West-
moreland, are in possession of said tract of land, and claim title
through the said John Fielding, as plaintiff is informed and be-
lieves." And claiming four thousand dollars as the value of the
said improvements.

The defendants, Jesse Leatherwood and O. P. Westmoreland,
demurred upon the ground that the complaint did not state facts
sufficient to constitute a cause of action. Judge Fraser sustained
the demurrer and dismissed the complaint as to the defendants
before the court, but added to the order a provision allowing the
complaint to stand for whatever relief as against the heirs-at-law
of the deceased John Fielding or the land mentioned, to which
Jesse Godfrey may show himself entitled. Both parties ap-
pealed—the defendants, because the judge did not dismiss the
complaint out and out, but added to the order a provision allow-
ing the complaint to stand for whatever relief, as against the heirs-
at-law of the deceased John Fielding or the land, which Jesse
Godfrey may show himself entitled to.

The plaintiff appeals upon the following grounds:

1. "Because his honor erred in sustaining the oral demurrer
and dismissing the complaint, when the motion was based on the
ground that *the verdict* was the final judgment, and not *the entry*
of judgment thereon.

2. "Because his honor erred in sustaining the oral demurrer
and dismissing the complaint as to Harriet W. Fielding, as admin-
istratrix, when she had not appeared by attorney or otherwise in
the cause, and she being the widow and an heir of the said John
Fielding, deceased.

3. "Because his honor erred in sustaining the oral demurrer
and dismissing the complaint as to Jesse Leatherwood and O. P.
Westmoreland, when they are in possession of the land and bet-
terments erected by the plaintiff, claiming title to the same
through and under the said John Fielding, deceased, the plaintiff
in the original action for the recovery of the land.

4. "Because his honor erred in sustaining the oral demurrer,
and dismissing the complaint as to all the defendants, when they

are proper parties for an ultimate determination of these proceedings.

5. "Because his honor erred in sustaining the oral demurrer and dismissing the complaint on the ground that the heirs at law of the said Fielding, deceased, were the only parties defendant in these proceedings, and not allowing the plaintiff leave to amend his complaint, and make the heirs at law of the said John Fielding parties defendant."

The statements of the complaint must be taken as true so far as they are clearly made. It is not precisely set forth when Fielding, the plaintiff in the action for the land, died or the land was sold. It must have been after the verdict, for upon any other supposition the verdict could not have been rendered; and it must have been before the formal judgment was entered, for on that day process was issued against his administratrix. Taking all the statements of the complaint to be true, we think the plaintiff failed in several particulars, to show himself entitled to recover. The land having been recovered from him, there was no authority for his action for the value of improvements but the special statute upon the subject; and in order to entitle him to the benefit of that, it was necessary for him to conform to its provisions. *Kennedy* v. *Reames,* 15 *S. C.,* 552.

The statute, among other things, provides that "after final judgment in an action to recover lands and tenements, &c. * * * the defendant in such action shall, within forty-eight hours after such judgment, or during the term of the court in which the same shall be rendered, file a complaint against such plaintiff for so much money as the lands and tenements are so made better, in the office of the clerk of the court, which shall be sufficient notice to the defendant in such complaint to appear and defend against the same. * * * The court on the entry of such action shall stay all proceedings upon the judgment obtained in the prior action," &c. The nature of the proceeding as a cross-action, as well as the whole tenor of the act, shows that in the assertion of the claim great promptness is required. It will be observed that action is authorized only against the plaintiff in the land action; no express authority is given to substitute his heirs in his place. No provision is made for impleading purchasers, who have come

into possession under the plaintiff or his personal representative. The case of "the plaintiff" being still in court, no new summons is necessary, but the complaint may be filed at once against him. It is assumed that the defendant is still in possession, as the proceedings therein are to "be stayed" until the question of improvements is decided, and if decided for the defendant, there is a lien upon the land for the amount recovered.

But it is urged that all these provisions, indicating the necessity for prompt action, must yield to those words in the act, "after final judgment," which it is insisted can only mean the entry of the formal judgment in the clerk's office, and fixes the time at which the cross-action must be commenced, without regard to the condition of things or of the parties at that time. We cannot accept this view. The verdict for the land had been rendered nearly four years before the formal entry in the clerk's office of the judgment thereon. In the meantime the verdict had been acted on as the final determination of the contest as to the land. The plaintiff had recovered the land and sold it. The defendant had yielded the possession, and, being out, instituted these proceedings as an original action against the administratrix of the plaintiff who recovered the land, and the purchasers from him, basing his right to recover solely upon the ground that he commenced his action upon the very day on which the formal judgment was entered in the clerk's office, years after the verdict had been rendered which finally determined the rights of the parties.

It seems to us that the interpretation sought to be given to the words "final judgment," would not be in accord with the spirit of the act, but would defeat the manifest intention of the legislature. It is out of our power to amend the law, even if it were considered desirable. We must take it as we find it. The question is not as to the proper meaning of the words taken separately and as applicable to all cases, but as to the proper construction of the act taken as a whole; whether as used in the act the words "final judgment" must be taken in their strict technical sense, or as intended to express the idea of a final determination of the rights of the parties as to the land. We are obliged to adopt the latter as the only construction which makes all the parts of the act consistent, and gives proper effect to the words

"rendered" and "obtained," which cannot be correctly said to express the simple "entry" in the clerk's office of the formal judgment. The act contemplated the verdict as the final judgment as to the rights of the parties to the land, or assumed that such formal judgment would be promptly entered. Its framers could not have supposed that the right to the cross action for improvements only arose upon the entry of judgment in the clerk's office, which might be never done, or delayed for years.

In reference to this same act, the title of which is, "To protect the rights of persons lawfully in possession," this court has held that the word "final in the phrase 'final judgment' should not be construed technically as 'relating to the end,' 'ultimate,' 'last,' &c., but taking the whole provision together, we cannot doubt that the words were intended to apply to the Circuit and not to the Supreme Court." *Garrison* v. *Dougherty*, 18 *S. C.*, 488.

The plaintiff failed to make his claim for betterments at the proper time and in the proper manner, and the act does not afford either the authority or machinery for enabling him to do so now either as against the purchasers in possession or the administratrix or the heirs of John Fielding, deceased.

The judgment of this court is that the judgment of the Circuit Court, in so far as it sustained the demurrer, be affirmed; and that in so far as it retained the complaint as against the heirs at law of John Fielding, deceased, it be reversed and the complaint dismissed.